IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA\

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) 2:23-CR-118 |
| | ) |
| ERIK ADDISON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Before the Court is Mr. Addison's motion *in limine* regarding the government's expert witness, Supervisory Special Agent Springmeyer. ECF 118. Mr. Addison argues that the Court should exclude SSA Springmeyer's testimony on two matters: (1) opinion testimony over certain coded words (*e.g.*, slang about drugs or drug trafficking); and (2) expert testimony about Mr. Addison's mental state or condition with respect to any of the crimes charged or defenses. *Id.* The Court denies the motion for the following reasons.

*Coded language.* First, Mr. Addison argues that SSA Springmeyer should not be able to testify regarding "vague phrases or phrases not constituting drug code[.]" *Id.* at 3. The government argues that under Rule 702, an expert witness may testify as to the meanings of words and phrases that are outside the knowledge of a reasonable juror. ECF 119.

In the Third Circuit, "it is well established that experienced government agents may testify to the meaning of coded drug language under" Rule 702. *United States v. Gibbs*, 190 F.3d 188, 211 (3d Cir. 1999). "Such testimony is relatively uncontroversial when it permits a government agent to explain the actual meanings

of coded words—that is, when the agent acts as a translator of sorts." *Id.* Here, the government has provided a list of terms that SSA Springmeyer may reference or explain during her testimony. ECF 112-1, p. 3. These terms include "fetty," "glick," "brown," "zip," and other similar terms that are "beyond the ken of a reasonable juror." *United States v. Wheeler*, No. 16-3780, 2021 WL 4129731, at *9 (3d Cir. Sept. 10, 2021) (holding that an expert's interpretation of drug code should not include terms that are not beyond the knowledge of a reasonable juror). The Court finds that SSA Springmeyer may testify to the meaning of coded language.

***Testimony about Mr. Addison's mental state.***  Second, Mr. Addison argues that the Court should exclude expert testimony about his mental state regarding any element of the crimes charged or defenses under Rule 704(b). ECF 118, p. 3. Mr. Addison states that SSA Springmeyer's disclosure is "replete" with opinions about Mr. Addison's mental state. *Id.* The government argues that testimony about common practices of the drug trade is permissible so long as the expert doesn't opine on the particular defendant's mental state. ECF 119, pp. 4-8.

On careful review, the Court finds that SSA Springmeyer's report doesn't veer into an impermissible state-of-mind opinion. To begin with, Mr. Addison is right that "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b). That said, experts may testify as to the *modus operandi* of individuals involved in drug trafficking without violating the prohibition set forth in Rule 704(b) because "such testimony is often

helpful in assisting the trier of fact understand the evidence." *United States v. Womack*, 55 F.4th 219, 228-29 (3d Cir. 2022) (cleaned up) ("[i]t is only as to the last step in the inferential process – a conclusion as to the defendant's mental state – that Rule 704(b) commands the expert to be silent." (cleaned up)), *cert. denied sub nom. Whitehead v. United States*, 144 S. Ct. 1012 (2024). Expert testimony about common practices is appropriate so long as the expert does "not draw the ultimate conclusion for the jury" or connect the practices to the defendant. *United States v. Davis*, 726 F.3d 434, 446 (3d Cir. 2013) (allowing expert testimony about common practices of the drug trade through hypothetical questions).

Here, SSA Springmeyer's expert testimony is about common practices of those involved in the drug trade. (ECF 112-1, pp. 1-2). For example, SSA Springmeyer "will describe certain indicator suggestive of drug distribution rather that personal use" such as possession of a large quantity of drugs, the presence of a firearm and an extended magazine, and the absence of user paraphernalia. *Id.* This type of testimony is appropriate under Rule 704(b), and the Court sees no anticipated testimony that would go directly to Mr. Addison's mental state.

For these reasons, it is hereby **ORDERED** that Mr. Addison's motion is **DENIED**.

Dated: February 3, 2025                                BY THE COURT:

/s/ J. Nicholas Ranjan
J. Nicholas Ranjan
United States District Judge