IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) 2:23-CR-118 |
| | ) |
| ERIK ADDISON, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM ORDER DENYING MOTION FOR RECONSIDERATION

## J. Nicholas Ranjan, United States District Judge

Before the Court is Mr. Addison's motion to reconsider the Court's denial of his motion for relief from prejudicial joinder, as well as the government's response. ECF 145; ECF 149. After careful consideration of the motion, the response, the Court's prior order, and the proposed trial exhibits, the Court denies the motion.

On May 6, 2024, Mr. Addison filed numerous pretrial motions, including a motion for relief from prejudicial joinder. ECF 69. The motion requested the Court to sever Counts 1-3 (the May 2023 incident) from Count 4 (the April 2023 incident). After the government filed its response (ECF 81), the Court ordered additional briefing on several issues, including whether bifurcation as to aspects of Count 4, as an alternative to severance, was appropriate. ECF 86. After the parties completed the supplemental briefing (ECF 87; ECF 88), on September 24, 2024, the Court issued an omnibus memorandum order on all of Mr. Addison's pretrial motions and the bifurcation issue. ECF 89. The Court denied Mr. Addison's motion for severance for two reasons: (1) the government identified evidence that would be admissible at separate trials; and (2) any prejudice could be cured with appropriate jury instructions because juries are presumed to follow instructions and be able to compartmentalize evidence. *Id.* at 11-12. The Court also held that bifurcation was not appropriate in this case because Mr. Addison's prior predicate drug conviction

under Count 4 was admissible as to aspects of the other counts (*e.g.*, intrinsic to Count 2). *Id.* at 14. On agreement of counsel, the Court set the matter down for trial on February 10, 2025. ECF 92. On January 6, 2024, the government filed a trial brief that functioned as both its notice under Rule 404(b) and its motions *in limine*. ECF 112. Mr. Addison responded on January 22, 2025. ECF 124.

On January 30, 2025, less than two weeks before trial, Mr. Addison filed a motion for reconsideration of the Court's denial of severance. ECF 145. In that motion, he raises similar arguments as in his motion for severance and his response to the government's trial brief. *See id.* Additionally, Mr. Addison argues that "the government's recently filed trial brief and Mr. Addison's response clearly demonstrate the *unfair prejudice* Mr. Addison would suffer in a joint trial, with respect to the April 14 charge in particular." *Id.* at 1 (emphasis original). After careful review, the Court finds that Mr. Addison's motion fails for three reasons.

First, his motion is untimely. Though the Rules of Criminal Procedure do not specifically provide for motions for reconsideration in criminal cases, the Third Circuit has recognized that such motions may be filed. *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003); *United States v. Jackson*, 2020 WL 2557339, at *1 (W.D. Pa. May 9, 2020) (Ambrose, J.). Motions to reconsider are subject to the timeliness requirements set forth for filing an appeal, which in the criminal context is 14 days for a defendant, and 30 days for the Government. Fed. R. App. P. 4(b)(1)(A), (b)(1)(B); *Browder v. Director, Dep't of Corr. of Illinois*, 434 U.S. 257, 268 (1978) ("[A]bsent a rule specifying a different time limit, a petition for rehearing in a criminal case would be considered timely when filed within the original period for review"); *United States v. Murrietta*, 2021 WL 322181, at *1 n.1 (W.D. Pa. Feb. 1, 2021) (Hardy, J.) (citing *United States v. Thompson*, 2008 WL 11242953, at *1 (M.D. Pa. Apr. 10, 2008)). The Court issued its decision on Mr. Addison's motion for severance on September 24, 2024. ECF 89. That means Mr. Addison's deadline for filing a motion for

reconsideration was October 8, 2024 (14 days later). While the Court always strives to decide motions on the merits, the motion for reconsideration here is so untimely and prejudicial to the administration of justice that the Court must deny it on timeliness grounds. *See United States v. Kalb*, 891 F.3d 455, 467 (3d Cir. 2018) (affirming denial of reconsideration of suppression where the arguments could have been made much earlier in the proceedings); *Chapman v. United States Parole Comm'n*, 676 F. App'x 115, 116-17 (3d Cir. 2017) (upholding denial of motion for reconsideration as untimely); *Basilio v. Att'y Gen.*, 439 F. App'x 146, 149 n. 2 (3d Cir. 2011) (noting that, had appellant challenged BIA's denial of motion for reconsideration as untimely, he would have failed because no dispute that defendant's motion was filed one day too late); *Batista v. United States*, 377 F. App'x 145, 147 (3d Cir. 2010) (per curiam) (affirming denial of motion to reconsider as untimely).

Second, even if the motion had been timely, it fails on the merits, based on the familiar standard for reconsideration motions.[1] "Courts apply the same standards to motions for reconsideration filed in a criminal case as those used in the civil context." *Jackson*, 2020 WL 2557339, at *1. "Motions for reconsideration are not a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court, to express disagreement with the Court's rulings, or for addressing arguments that a party should have raised earlier[.]" *United States v. Pride*, No. 16-68, 2021 WL 4340551, *1 (W.D. Pa. Sept. 23, 2021) (Fischer, J.) (cleaned up).

Mr. Addison does not identify any intervening change in the law, new evidence, or need to correct an error of law or fact or prevent a manifest injustice. Instead, he

---

[1] A "[c]ourt may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *United States v. Pride*, No. 16-68, 2021 WL 4340551, *1 (W.D. Pa. Sept. 23, 2021) (Fischer, J.).

reiterates his arguments from prior briefing, which the Court has already addressed. Stating that the government's trial brief clarified the undue prejudice issue is not enough to meet the standard for a motion for reconsideration. All of the arguments Mr. Addison makes in his motion were available to him at the time he filed his original motion for severance.

Third, the Court has, since the original motion was decided, had the opportunity to review in detail the trial exhibits, as well as have a complete understanding of the government's theory of the case from its trial brief. That review only further reinforces the Court's prior decision to deny severance. The facts here between all the counts (and specifically the two incidents at issue) overlap significantly. There would be no way to try the April incident (Count 4) without significant evidence from the May incident (Counts 1-3). And while there probably could be a way to try the May incident without getting into the April incident itself, one (if not the most) prejudicial piece of evidence for the April incident is Mr. Addison's prior predicate conviction, which would be introduced at a trial involving the May incident anyway. The better alternative here is for all of the counts to be tried together, and for the Court to provide appropriate limiting instructions to the jury.

For these reasons, the Court hereby **DENIES** the motion for reconsideration.

********************

DATE:  February 4, 2025               BY THE COURT:

                                      /s/ *J. Nicholas Ranjan*
                                      United States District Judge