# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                              )
                              )
       vs.                        )    2:23-CR-118
                              )
                              )
ERIK ADDISON,                   )
                              )
         Defendant.         )
                              )

## <u>ORDER</u>

Before the Court is the government's motion to reconsider the Court's exclusion of the rap video "No Mystery" (G-369 and G-410), and the Court's exclusion of the so-called "school bus" evidence. ECF 157. For the reasons that follow, the Court grants in part and denies in part the motion.

The Court first turns to the "No Mystery" video. As the parties are aware, the government intends to introduce excerpts of a rap video from Mr. Addison's social media accounts called "No Mystery." The two exhibits at issue depict the same song being played, though in one of them there are some special effects and a zoomed-in focus on Mr. Addison. The videos were uploaded to Facebook and Instagram by Mr. Addison on May 4, 2023. *Id.* at 2. They contain the following lyrics:

> Busting moves with tools. I brung the switchy out. No mystery, playing with the members, you'll be history. Don't mention me. Tweak this Ride with switchy just for tempting me. I'm tweaking out. Pistol raised as high as I be leaving out my momma house busting moves with tools. I brung the switchy out. Man, traffic fully automatic.

ECF 112, p. 27.

The government seeks to introduce this evidence for intrinsic purposes, to show that it reflects essentially Mr. Addison's intent to commit the crimes at issue, which occurred a few days after the videos were posted. The government also seeks to introduce the videos to show Mr. Addison's knowledge that the Glock pistol with the

Glock switch he possessed was a "machinegun," which would support the charges under 18 U.S.C. § 924(c) (possession of a machinegun in furtherance of a drug-trafficking crime) and 18 U.S.C. § 922(o) (unlawful possession of a machinegun). The government argues that this evidence is critical because it shows Mr. Addison knew what a Glock switch was ("brung the switchy") and knew that it was a machinegun ("fully automatic.")—necessary elements of these offenses.

The Court previously excluded the videos on the basis of Rule 403 and Rule 404(b), as being substantially unduly prejudicial relative to the probative value. The basis for this ruling primarily was the lack of evidence that Mr. Addison authored the lyrics in the videos, and the fact that he was not even performing in the videos. He is seen simply dancing along to the lyrics and mouthing the words. Based on this, the Court found the video to have too "tenuous" a connection to Mr. Addison to admit. *United States v. Herron*, No. 10-615, 2014 WL 1871909, at *4 (E.D.N.Y. May 8, 2014) (finding that there must be more than "merely a tenuous connection to the defendant or issues in the case" to admit rap videos), *aff'd*, 762 F. App'x 25 (2d Cir. 2019).

In other words, it would be substantially and unduly prejudicial to have damning lyrics in a rap video be imputed to a defendant who didn't author those lyrics and didn't perform them. *United States v. Williams*, 663 F. Supp. 3d 1085, 1133 (D. Ariz. 2023) ("[t]he probative value of rap lyrics is greatly reduced when it is unknown who wrote the lyrics, when the lyrics were written, when the songs were recorded and perhaps edited, and/or when they were uploaded to YouTube or similar social media.").

On further review, the Court hereby reconsiders its prior ruling, in part, as clarified by the three following points.

First, the Court continues to find that the rap videos <u>to the extent they are being proffered as intrinsic evidence as to Mr. Addison</u> run afoul of Rule 403, and shall be excluded for those purposes. This means that the videos cannot be proffered

to suggest that Mr. Addison is "confessing" to the crimes, or planning the crimes, or that the videos are autobiographical in any sense. The government cannot impute to Mr. Addison lyrics that we don't know he wrote,[1] and they he never even performed. The probative value for these purposes is low, and the prejudice substantially outweighs it given the tenuous connection of authorship and the risk of associating guilt based on such a tenuous connection.[2]

Second, the Court, however, reconsiders its prior ruling in one sense: it will allow the government to introduce the video for the narrow purpose of showing Mr. Addison's knowledge of the Glock Switch and that it is fully automatic. ("I brung the switchy out. Man, traffic fully automatic."). The Court agrees with the government that this is probative evidence that is relevant to the issue of Mr. Addison's knowledge that the firearm at issue was a machinegun, which is a permitted non-propensity purpose under Rule 404(b). *United States v. Repak*, 852 F.3d 230, 241 (3d Cir. 2017) (admissibility under Rule 404(b) requires that: (1) the evidence is being offered for a non-propensity purpose; (2) the evidence is relevant to that non-propensity purpose; (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice; and (4) if requested, the Court gives a limiting instruction). The Court further finds that the concerns regarding lack of authorship and performance of the rap song do not apply (and thus there is no unfair prejudice) if the video is

---

[1] Indeed, it's not uncommon for amateur rappers these days to use AI to generate lyrics. *See* MICROSOFT IS DEVELOPING AN AI RAP GENERATOR, DEEPRAPPER – TRAINED ON A LARGE SET OF SONGS 'CRAWLED' FROM THE WEB, available at https://www.musicbusinessworldwide.com/microsoft-ai-researchers-china-developed-a-rap-generator-called-deeprapper-trained-on-a-large-set-of-songs-crawled-from-the-web/ (last visited Feb. 6, 2025).

[2] The fact that Mr. Addison posted the videos to social media does not help to establish authorship. And the social-media jargon accompanying the posts is gibberish. At most, the jargon establishes that he posted videos he was dancing in and that he liked. Of course, people post others' videos all the time.

introduced narrowly for essentially the song lyrics' effect on the listener/Mr. Addison's knowledge. This would be no different than someone sending Mr. Addison a text message that said, "I brung the switchy out. Man, traffic fully automatic." That text message could be introduced for the effect on the listener and to establish the recipient's knowledge that a Glock Switch is capable of operating in a fully automatic manner. So too with these rap videos.

Third, in order to minimize prejudice and avoid jury confusion, the Court imposes the following parameters with respect to the "No Mystery" video evidence:

- As noted above, the government can only introduce the No Mystery videos (and associated transcript and social media evidence, *see* G-367-G-370 and G-408-G-411), for the sole purpose of establishing Mr. Addison's knowledge of the Glock Switch and knowledge that the Glock Switch is fully automatic. That includes evidence of what Mr. Addison heard in the video, and his movements and reactions in response.

- If the government introduces the G-410 "No Mystery" video (the zoomed-in one with Mr. Addison), it must also show and introduce G-369 "No Mystery" video (the raw footage) in order to provide the jury with appropriate context. This is so because it appears that G-410 is cut from G-369, with special effects or filter added, and G-369 provides the appropriate context from which G-410 is cut.

- To reduce the risk of any prejudice, the Court intends to provide a limiting instruction with the final instructions along the lines: "You have seen and heard certain video evidence in this case, including evidence associated with the rap video, No Mystery, in which Mr. Addison is dancing in the foreground while the rap music is playing. There has been no evidence that has been presented that Mr. Addison authored the lyrics to that video. You shall therefore not impute those

-4-

lyrics to Mr. Addison. You are only to consider the video for the limited purpose of its effect on Mr. Addison, and Mr. Addison's knowledge, if any, of the lyrics he might have heard in the video."[3]

With these parameters in place, the Court will reconsider its prior ruling and allow the "No Mystery" videos for the limited purpose outline above. And by narrowing the purpose and providing the limiting instructions, the Court finds that any danger of unfair prejudice does not substantially outweigh the probative value under Rule 403 or Rule 404(b).

The Court turns next to the motion to reconsider the Court's prior rulings regarding the "school bus" evidence. As discussed at the final pre-trial conference, the Court will allow witness testimony and evidence of the school bus, so long as references to "school bus" are redacted and any testimony that is adduced suggests that the vehicle at issue is a "commercial vehicle." The Court finds that the probative value of this evidence is decent, in the sense that it explains the exchange of gun fire, places the different vehicles in different locations, and arguably rules out Mr. Beasley (the white Charger) as possessing the ammunition at issue. The unfair prejudice is virtually non-existent if "school bus" is redacted, in the manner proposed by the government. Therefore, the Court will allow this evidence to come in, in a redacted and sanitized manner, consistent with the discussion at the final pre-trial conference.

---

[3] The Court will confer with counsel before finalizing the precise language of the limiting instruction.

*********************

For these reasons, the government's motion for reconsideration is **GRANTED IN PART AND DENIED IN PART**, consistent with the terms and conditions in this order.

DATE:  February 6, 2025                                        BY THE COURT:

<u>/s/ *J. Nicholas Ranjan*</u>
United States District Judge